**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTORIA A. LLC.,                                       Civil Action No.: 25-cv-6126

        Plaintiff,

     v.                                                      **JURY TRIAL DEMANDED**

RRPIX, INC. and Richard Reinsdorf,

        Defendant.

---

## COMPLAINT

Pursuant to the Federal Rules of Civil Procedure, Victoria A. LLC ("Plaintiff"), by and through the undersigned counsel hereby files its complaint against RRPIX, INC ("RRPIX") and Richard Reinsdorf (collectively "Defendants") in support thereof states as follows:

## PRELIMINARY STATEMENT

This matter concerns the unauthorized use of a protected trademark by Defendants. Plaintiff hired RRPIX for the services of Richard Reisdorf to photograph models during a photoshoot in efforts to promote its beauty products. However, at no point did Defendants obtain permission for its own publication or use of the photographs featuring Plaintiff's trademarked products or use Plaintiff's trademark. This constitutes a clear infringement under the Lanham Act and creates a false impression of endorsement, sponsorship, or affiliation.

## THE PARTIES

1.      Victoria A. LLC, is a New York limited liability company that owns, operates, or controls MAKARI DE SUISSE, and is headquartered in 1178 Broadway 5th Floor, New York, New

York 10001. MAKARI DE SUISSE is a luxury skincare company that uniquely addresses the skincare needs of women across the globe.

2.      RRPIX, Inc., is a California corporation with headquarters in California 1844 N. Catalina St., Burbank CA 91505, conducting business in the state of New York.

3.      The corporation is owned and managed by Richard Reinsdorf and primarily performs photography services for a variety of clients.

4.      Richard Reinsdof is a photographer who is a resident and citizen of the state of California.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, and 28 U.S.C. § 1331 and § 1338 (a) and (b). This Court further has jurisdiction over the claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      Venue in this judicial district is proper under 20 U.S.C. § 1391 (c) and 1400 (a), and this Court may properly exercise personal jurisdiction over Defendant, since this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE FACTS

7.      Makari de Suisse is a  luxury skincare brand known for its natural, hydroquinone-free products designed primarily for darker skin tones, addressing issues like hyperpigmentation, acne, and uneven skin tone.

8.      For over twenty (2) years Makari has invested in its reputation and been praised for its high-quality, Swiss-manufactured products using natural ingredients like argan oil, carrot oil, and mulberry extract.

9.      Makari de Suisse has a strong presence in over fifty (50) countries and is recognized as a leader in Europe and Africa for skincare tailored to Black and mixed-race skin.

10.     On or about August 16, 2016, Plaintiff registered the trademark "MAKARI" with the United States Patent and Trademark Office, and the trademark remains active under Ser. No. 86-847,405. A true and correct copy of the Registration Certificate is attached hereto as **Exhibit A**.

11.      On or about July 21, 2021, Plaintiff and Defendant RRPIX entered into an agreement by which RRPIX would perform certain photography services Plaintiff in exchange for payment in the total amount of $16,360.00 ("Agreement"). Such photoshoot was referred to as the "Makari Beauty and Body Photoshoot."

12.     The terms of the Agreement were memorialized through a series of invoices (the "Invoices"). True copies of the invoices are attached hereto as **Composite Exhibit B**.

13.     The Invoices included a license from RRPIX in favor of Plaintiff for the publication of photographs procured through the Makari Beauty and Body Photoshoot (the "Photoshoot"), valid for the period of three (3) years.

14.     There was never an agreement with Reinsdorf personally.

15.     There is nothing on the face of the Invoices granting Defendants any rights to use the Plaintiff's trademarks in any manner whatsoever.

3

16.     Pursuant to the Agreement, the Makari Beauty and Body Photoshoot took place on August 16 and August 17 of 2021.

17.     Sometime thereafter, Defendant RRPIX  shared the captured photographs with Plaintiff via an online folder.

18.     Superimposed onto various photographs was the "MAKARI" trademark, which were intended only for the promotion of the MAKARI DE SUISSE beauty products by Plaintiff.


### DEFENDANTS' UNLAWUL ACTIVITIES
### GIVING RISE TO THE PRESENT LAWSUIT

19.     Defendant RRPIX owns, operates, or otherwise controls an Instagram account by the username @rrpix, through which it promotes and publishes photography.

20.     Defendant Reinsdorf personally owns, operates, or otherwise controls an Instagram account by the username @richardreinsdorfphotography, in which he publishes works in furtherance of efforts to attract and promote his photography business.

21.     On November 15, 2021, in a clear and blatant effort to profit from Plaintiff's stellar reputation, Defendant Reinsdorf published a photograph that contained the MAKARI trademark Plaintiff's product on his @richardreinsdorfphotography Instagram account. A true and accurate copy of the post is attached hereto as **Exhibit C.**

22.     Moreover, on September 23, 2021, Defendants again seeking to profit from a connection with Plaintiff, published a photograph portraying the MAKARI trademark through both the @richardreinsdorfphotography and @rrpix Instagram accounts. True and accurate copies of the published images are attached hereto as **Exhibit D** and **Exhibit E**, respectively.

23.     Prior to publishing the photographs as described above, Defendants never requested or obtained Plaintiff's permission to post photographs on their websites or social media accounts bearing the MAKARI trademark.

24.     Plaintiff has never assigned or licensed its trademark for use to the Defendants.

25.     Defendants' wrongful conduct purposefully sought to create a false impression and deceive customers, the public and the trade, into believing that there is some connection, authorization, or association between Plaintiff and Defendants' business.

26.     Defendants have engaged in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for, or willfulness with respect to, Plaintiff's rights for the purpose of trading on the goodwill and reputation of Plaintiff's products and trademark.

**COUNT I- FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

27.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26 of this Complaint as if and as though fully set forth herein.

28.     This case concerns a trademark infringement against Defendants based on the unauthorized use in commerce of the federally registered MAKARI trademark in connection with the marketing and advertising of photography services. The MAKARI trademark is a distinctive mark.

29.     Plaintiff's trademark has acquired substantial goodwill which has been damaged by Defendant's advertising campaign that infringed on its use.

30.     Plaintiff is the exclusive owner of Plaintiff's trademark. Plaintiff's U.S. Registration for the MAKARI trademark is in full force and effect. See **Exhibit A.**

31.    Defendants infringed on Plaintiff's registered trademark by publishing photographs containing the MAKARI mark in relation to advertising their services to consumers in the stream of commerce. Upon information and belief, Defendants have knowledge of Plaintiff's rights in Plaintiff's trademark and are willfully and intentionally publishing photographs containing such trademark to obtain business from the general public.

32.    Such actions were done without the permission or consent of Plaintiff and constitute willful trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

33.    Defendants' use of Plaintiff's trademark has resulted in Defendants unfairly benefiting from Plaintiff's reputation and goodwill to gain recognition and reach new audiences in procuring photography services.

34.    Due to Defendants' acts of infringement as alleged herein, Defendants have obtained direct and indirect profits he would not have otherwise realized but for their infringing use of Plaintiff's rights to its trademark. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly or indirectly attributable to Defendants' infringing use in an amount to be established at trial.

35.    Given that the conduct of Defendants was willful, reckless, and/or with knowledge, Defendants are subject to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

**COUNT II- FALSE SPONSORSHIP UNDER 15 U.S.C. § 1125**

36.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22 of this Complaint as if and as though fully set forth herein.

37.     Defendants' advertising, marketing, promotion, display, and offering of services using the Plaintiff's MAKARI trademark and the Defendants' use of the mark is likely to cause confusion as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' services by Plaintiff. Such use falsely creates the impression that the services offered by Defendants are warranted, authorized, sponsored, or approved by Plaintiff when, in fact it is not.

38.     Defendants knew or, by the exercise of reasonable care, should have known that their past, current, and continuing advertising, marketing, promotion, distribution, and display has and will continue to cause confusion and mistake or deceive the public.

39.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the services to the public is a willful violation of the Lanham Act, 15 U.S.C. § 1125.

40.     As a direct and proximate result of Defendants' wrongful actions, Defendants have obtained direct and indirect profits they would not have otherwise realized but for its infringing use of Plaintiff's rights to its trademark. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly or indirectly attributable to Defendants' infringing use in an amount to be established at trial.

41.     Given that the conduct of Defendants was willful, reckless, and/or with knowledge, Defendants are subject to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## COUNT III- UNJUST ENRICHMENT

42.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22 of this Complaint as if and as though fully set forth herein.

43.    Defendants have unlawfully published advertising, marketing, and promotion materials using Plaintiff's trademark to promote its services.

44.    Defendants have been and will be unjustly enriched as he has used the trademark to promote its photography services.

45.    Plaintiff is entitled to compensation and damages for any benefit Defendants acquired as a direct and proximate result of Defendant's illegal acts in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VICTORIA A. LLC, prays for judgment against Defendant, RRPIX, INC.:

(i)    Enjoining the Defendant, its agents and employees from infringing on Plaintiff's trademark;

(ii)    An award of statutory damages or in the alternative actual damages;

(iii)    A reasonable royalty;

(iv)    An award of Treble damages;

(v)    An award of all profits of Defendant plus any monetary advantage gained by Defendants through their infringement, the exact sum to be proven at trial;

(vi)    An award of costs and attorneys' fees to the extent they are available under 15 U.S.C. § 1114;

(vii)    that Plaintiff be awarded such further legal and equitable relief as the Court

deems just and proper.

Dated: July 25, 2025
       Westhampton, NY

| | |
|---|---|
| By: | /s/ Robert Garson |
| | By: Robert Garson (RG-1521) |
| | GS2 LAW PLLC |
| | 20801 Biscayne Blvd, Ste 506 |
| | Aventura, FL 33180 |
| Telephone: | (212) 380-3623 |
| E-mail: | rg@gs2law.com |
| | *Attorneys for Plaintiff* |

**EXHIBIT A**

# United States of America
### United States Patent and Trademark Office

# MAKARI

**Reg. No. 5,021,143**

**Registered Aug. 16, 2016**

**Int. Cl.: 3**

**Trademark**

**Principal Register**

Victoria A. Int'l LLC (NEW YORK LIMITED LIABILITY COMPANY)
1178 Broadway 5th Floor
New York, NY 10001

CLASS 3: cosmetics, hair care products, namely, shampoo, hair growth pills, hair cream, hair oils, hair pomade and skin care products, namely, skin creams, skin lotions, facial masks and scrubs, skin serums, skin gels as well as eye gels, creams and soaps for the face and body, and make-up and perfume

FIRST USE 9-27-1999; IN COMMERCE 9-27-1999

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The wording "MAKARI" has no meaning in a foreign language.

SER. NO. 86-847,405, FILED 12-13-2015

ROBIN S CHOSID, EXAMINING ATTORNEY



Michelle K. Lee

Director of the United States
Patent and Trademark Office

10

**COMPOSITE EXHIBIT B**

## RRPIX INC

www.rrpix.com

PO Box 6637
Burbank CA 91510
rrpix@me.com
(818)519-3555

### ESTIMATE
No.3590    07/21/21

Makari De Suisse
Att: Mandi Lebbos
Email mandi@makari.com
Cell: 310-936-3610
New York, NY

Makari Beauty and Body photo shoot with Photographer Richard Reinsdorf.
Shooting August 16th and 17th 2021.

| Item | Description | Quantity | Cost | Total |
|---|---|---|---|---|
| Creative Fee | Photographer Richard Reinsdorf (1/3 day rate Mandi Lebbos discount) | 2 | 1,000.00 | 2,000.00 |
| Licenses | 3 years from first publication World Wide Web & Social Media ($500 Mandi Lebbos discount per 1st usage) | 2 | 2,500.00 | 5,000.00 |
| Photo Assistant | 1st Lighting & Camera | 2 | 450.00 | 900.00 |
| Photo Assistant | 2nd Lighting & Camera | 2 | 400.00 | 800.00 |
| PA | 3rd assistant runner & misc. | 2 | 150.00 | 300.00 |
| Digital Tech | Import, Lable & Organize files. On set Color Correction & Viewing | 2 | 550.00 | 1,100.00 |
| Studio | Solar Studios (daylight and white cove) | 2 | 1,000.00 | 2,000.00 |
| Equipment rental | Lighting, Grip, Modifiers Camers, Etc | 2 | 800.00 | 1,600.00 |
| Retouching | 12 Final Images with up to 2 revisions each | 12 | 200.00 | 2,400.00 |
| Catering | "TBD" On set Breakfast, Lunch Snacks & Water | | 0.00 | 0.00 |
| Seamless | One 9" Soft Blue or Teal & One 9" Soft Creamy Orange if needed | 2 | 80.00 | 160.00 |
| Insurance | | 2 | 50.00 | 100.00 |
| Miscellaneous Expenses | "TBD" Receipt back-ups if needed | | 0.00 | 0.00 |
| | | | Total | $16,360.00 |

Final images will be delivered digitally by web traster.
All rates based on 10h day. Overtimes based on a 10h day 10-12hrs = t1/2.
Advance of 50% payment on booking and 50% on completion.

If in agreement, please sign, date and email to rrpix@me.com.

Sign: _____    Date: 7/27/21.

# RRPIX INC

www.rrpix.com

PO Box 6637
Burbank CA 91510
rrpix@me.com
(818)519-3555

Wells Fargo Bank, N.A
Account # 1101606471
Routing # 121000248

# INVOICE

No.2173    07/21/20

Makari De Suisse
1178 Broadway Level 4
10001 New York, NY

Att: Mandi Lebbos
mandi@makari.com
(310)936-3610

Makari Beauty and Body photo shoot with Photographer Richard Reinsdorf. Shooting August 16th and 17th 2021.

| Item | Description | Quantity | Price Each | Amount |
|---|---|---|---|---|
| Creative Fee | Photographer Richard Reinsdorf (1/3 day rate Mandi Lebbos discount) | 1 | 1,000.00 | 1,000.00 |
| Licenses | 3 years from first publication World Wide Web & Social Media ($500 Mandi Lebbos discount per 1st usage) | 1 | 2,500.00 | 2,500.00 |
| Photo Assistant | 1st Lighting & Camera | 1 | 450.00 | 450.00 |
| Photo Assistant | 2nd Lighting & Camera | 1 | 400.00 | 400.00 |
| PA | 3rd assistant runner & misc. | 1 | 150.00 | 150.00 |
| Digital Tech | Import, Lable & Organize files. On set Color Correction & Viewing | 1 | 550.00 | 550.00 |
| Studio | Solar Studios (daylight and white cove) | 1 | 1,000.00 | 1,000.00 |
| Equipment rental | Lighting, Grip, Modifiers Camers, Etc | 1 | 800.00 | 800.00 |
| Retouching | 12 Final Images with up to 2 revisions each | 6 | 200.00 | 1,200.00 |
| Catering | "TBD" On set Breakfast, Lunch Snacks & Water | | 0.00 | |
| Seamless | One 9" Soft Blue or Teal & One 9" Soft Creamy Orange if needed | 1 | 80.00 | 80.00 |
| Insurance | | 1 | 50.00 | 50.00 |
| Miscellaneous Expenses | "TBD" Receipt back-ups if needed | | 0.00 | |

Advance 50%

**Total**    $8,180.00

Final images will be delivered digitally by web trasfer.
All rates based on 10h day. Overtimes based on a 10h day 10-12hrs = t1/2.

# RRPIX INC

www.rrpix.com

PO Box 6637
Burbank CA 91510
rrpix@me.com
(818)519-3555

Wells Fargo Bank, N.A
Account # 1101606471
Routing # 121000248

# INVOICE

223     12/15/21

Makari De Suisse
1178 Broadway Level 4
10001 New York, NY

Att: Mandi Lebbos
mandi@makari.com
(310)936-3610

| Item | Description | Quantity | Price Each | Amount |
|------|-------------|----------|------------|--------|
| Photo Shoot | 2021 Product Laydowns 2 days | 1 | 3,000.00 | 3,000.00 |
| Photo Assistant | Tyler Demagenes also DIT | 1 | 550.00 | 550.00 |
| Photo Assistant | Also DIT | 1 | 750.00 | 750.00 |
| Supplies | Plexiglass Base, 3 sides and roof | 1 | 230.00 | 230.00 |
| Catering | Lunch / Dinner 2 Days | 1 | 180.00 | 180.00 |
| PA | | 1 | 250.00 | 250.00 |



| | | |
|---|---|---|
| | Total | $4,960.00 |

Final images delivered digitally by web trasler
Payment due upon receipt

**EXHIBIT C**



**EXHIBIT D**



**EXHIBIT E**

